**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Patrick J. Mitchell, et al.,

Plaintiffs,

v.

State Farm Fire and Casualty Company, an Illinois corporation,

Defendant.

CV 22-00477-TUC-JAS (MAA)

**ORDER**

Pending before the court is the defendant's motion, filed on February 27, 2024, for a Rule 16 Scheduling Conference to amend the Scheduling Order to allow for an examination of the plaintiffs' personal property. Doc. 60. The plaintiffs filed a response on March 5, 2024, and the defendant filed a reply on March 6, 2024. Doc. 61; Doc. 63. The motion will be granted in part.

Background

On or about December 1, 2020, the plaintiffs suffered water damage to their home due to a broken washing machine supply line. Doc. 1, p. 2; Doc. 31, pp. 2-3; Doc. 41, p. 4. The home was insured by State Farm. Doc. 1, p. 2; Doc. 31, p. 4. The insurance policy contains three property coverages: "Coverage A (dwelling structure, including water mitigation services), Coverage B (personal property and belongings), and Coverage C (alternative living expenses, or 'ALE')." Doc. 42, pp. 1-2. At issue here is Coverage B. *Id.*; Doc. 60, p. 1, n. 1.

The plaintiffs, through their public adjuster, Doug Waldie, claimed a personal property loss of approximately $170,148. Doc. 42, p. 2. State Farm refused immediate payment taking the position that the available reports and photographs were insufficient to establish the loss, and State Farm's own adjuster would have to examine the personal property before making any payment. The property was removed from the home and is currently being stored by a third party, Arizona Pack Out. Doc. 42, p. 2.

On April 2, 2021, Waldie demanded that the loss be determined by appraisal. Doc. 42, p. 3. Appraisal is a mechanism described in the policy for resolving a dispute where the parties "fail to agree on the amount of loss." *Id.*; Policy, Doc. 31-1, p. 27. On February 14, 2023, after many delays, the appraisers issued a Final Appraisal Award, which set the personal property loss at $135,636.65 RCV (replacement cost value). Doc. 42, p. 5. State Farm rejected this Award in part because it believes that the homeowners failed to comply with the "Cooperation Clause" in the policy, which requires the homeowners to make their property available for inspection, and compliance with the Clause is a prerequisite for appraisal. Doc. 42, pp. 6-9. State Farm also believes the appraisal panel was not authorized to decide issues of "coverage" such as which pieces of property were irreparably damaged by the flood. Doc. 63, p. 1. State Farm will not, however, challenge an individual loss amount set in the appraisal should State Farm decide that the item is indeed "damaged and non-salvageable because of the claimed water loss." Doc. 63, p. 2.

In the pending motion, State Farm explains that it has arranged to view the homeowners' personal property at the Arizona Pack Out facility on March 7, 2024. Doc. 60. The discovery deadline, however, expired on January 12, 2024. Doc. 35. Accordingly, State Farm moves that this court hold a Rule 16 Scheduling Conference and amend the Scheduling Order to allow it to use in this lawsuit whatever information it obtains from this inspection. *Id.* Also, State Farm would like the court to issue an order stating that it "may remove personal property from its current place of storage to an off-site facility for purposes of non-destructive evaluation as State Farm deems reasonably necessary and appropriate." Doc. 60-2.

The court held a telephonic conference to discuss the motion on March 6, 2024, which was the same day the reply brief was filed and one day before the scheduled inspection. Doc. 64. The parties informed the court that Arizona Pack Out would probably assert a lien over the property and object to having any items removed from its control. *Id.* The court informed the parties that it would not be issuing an order addressing the motion before March 7, 2024, the date of the scheduled inspection.

Discussion

The court's scheduling order, issued on May 1, 2023, set the discovery deadline as January 12, 2024. Doc. 35. Fed.R.Civ.P. 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" means that the "scheduling deadlines cannot be met despite the party's diligence." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). "The focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. "If that party was not diligent, the inquiry should end." *Id*.

State Farm asserts that it has diligently pursued this discovery "from October 2022" when the lawsuit was filed. Doc. 63, p. 4 (citing Doc. 60-1, Exhibits 1-5). It argues that the discovery deadline should be modified to prevent evidence obtained from the inspection from being ruled inadmissible as untimely. The plaintiffs maintain that the motion should be denied because State Farm has not been diligent. Doc 61. They do not oppose State Farm's inspection assuming it is part of State Farm's ongoing duty to adjust the homeowners' claim for flood damages to their personal property.

The court finds that State Farm has been diligent. The record indicates that State Farm has attempted numerous times to view the homeowner's personal property. On October 26, 2022, State Farm asked to inspect the property. Doc. 60, p. 2; Doc. 60-1, p. 8. The plaintiffs promised to "follow up" and "get you a response," but they did not timely respond. *Id.*; Doc. 60-1, p. 8. State Farm arranged to inspect the property on April 13, 2023, but the plaintiffs canceled the inspection on April 6, 2023. *Id.*; Doc. 60-1, pp. 15-117. In July of 2023, State

Farm again tried to arrange an inspection, but the plaintiffs asked that the inspection be delayed until the court ruled on the pending motion to vacate. *Id.*; Doc. 60-1, p. 21. The motion was not resolved until just this week. Doc. 65. State Farm then filed a Rule 34 Request for Inspection proposing an inspection on November 15, 2023. *Id.*; Doc. 60-1, pp. 27, 30. The plaintiffs agreed to an inspection but were not available on that date. *Id.*; Doc. 60-1, pp. 27, 29. "The parties [later] agreed to an inspection date of January 16, 2024, but on January 11, 2024, [the plaintiffs] requested it be postponed to allow the parties to negotiate a settlement." *Id.*; Doc. 60-1, p. 42. Settlement negotiations were unsuccessful. The parties have currently agreed to an inspection on March 7, 2024. Doc. 61, p. 4. The court finds that State Farm has been diligent in its attempts to view the homeowner's personal property.

The plaintiffs further argue in their response that issues of "salvageability" or "damages" are irrelevant because those issues of fact have already been resolved by the appraisal. Doc. 61, pp. 2-3. And if the inspection will not yield relevant evidence, there is no need to amend the scheduling order. The court finds that even if the plaintiffs are correct on this issue, the inspection is still relevant. The inspection addresses the plaintiffs' allegations in the Complaint that State Farm has a "renewed obligation . . . to promptly complete a fair adjustment of the personal property loss . . . ." and failure to do so could be evidence that it has breached the implied covenant of good faith and fair dealing. Doc. 63, p. 1; Doc. 1, p. 8, ¶¶ 37, 51. The court finds good cause to allow a modification of the Scheduling Order.

That part of the motion asking the court to allow State Farm to "remove personal property from its current place of storage to an off-site facility for the purpose of non-destructive evaluation. . ." will be denied as moot. Doc. 60-2.

IT IS ORDERED that the motion is GRANTED in PART. Doc. 60. The Scheduling Order is modified to the extent necessary to accommodate State Farm's inspection of the property and its claims adjustment process. The court does not interpret the motion as asking for a modification of the expert disclosure deadline and expresses no opinion at this time as to

whether such a motion would be granted. The court expresses no opinion at this time as to whether the evidence eventually will be admissible on the issues of "salvageability" or "coverage" as discussed by State Farm. Doc. 60, p. 1. The motion is otherwise denied without prejudice.

DATED this 4th day of April, 2024.

Honorable Michael A. Ambri
United States Magistrate Judge